IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-002536-BNB

ERIC LEVANTER DeMILLARD,

    Plaintiff,

v.

MUNICIPALITY OF DENVER, COLORADO,
MUNICIPALITY OF FORT COLLINS, COLORADO, and
RAWLINS, WYOMING POLICE DEPARTMENT,

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 1 3 2011

GREGORY C. LANGHAM
               CLERK

---

ORDER TO FILE AMENDED COMPLAINT

---

Plaintiff, Eric Levanter DeMillard, initiated this action by filing *pro se* an "Emergency Petition for District Court to Immediately Issue a Writ of Mandamus." On November 15, 2010, he filed a Complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983, asserting that the Defendants have violated numerous federal criminal laws, the Religious Freedom and Restoration Act (RFRA), 42 U.S.C. §§ 2000bb, *et seq.*, and his Fourteenth Amendment due process and equal protection rights.

The Court must construe the Complaint liberally because Mr. DeMillard is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See id.* For the reasons stated below, Mr. DeMillard will be directed to file an amended Complaint if he wishes to pursue his claim.

Mr. DeMillard alleges in his Complaint that an Arizona state court awarded him legal custody of his three biological sons in 1994. He further alleges that the children's

mother kidnapped his sons during the period 1996-99 and moved them to Rawlins, Wyoming. When Plaintiff went to Wyoming in 1999 to move his sons to his primary residence in Berthoud, Colorado, the Defendant Rawlins, Wyoming, Police Department (RWPD) denied him access to his children. For relief, he seeks a court order requiring Defendant RWPD to return his biological sons to his custody, the criminal prosecution of the Defendants, and monetary relief.

For his first claim for relief, Mr. DeMillard asserts that the Defendants should be prosecuted criminally for violations of 18 U.S.C. §§ 1961-1968 of the Racketeer Influenced and Corrupt Organizations Act (RICO). He alleges that the Larimer County District Court, the Colorado Court of Appeals, and the Colorado Supreme Court each constitute a criminal enterprise which has violated federal criminal laws pertaining to kidnapping, torture, human trafficking, and slavery. Compl. at 3. In his Emergency Petition, Plaintiff asks the Court to issue a writ of mandamus compelling the Federal Bureau of Investigation (FBI) to arrest members of the Rawlins, Wyoming, Police Department for kidnapping his children, in violation of 18 U.S.C. §§ 241, 242, 245, and 247.

"A private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973). *See also Keyter v. 535 Members of 110th Congress*, 277 F. App'x. 825, 827 (10th Cir. 2008); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam); *Connecticut Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86-87 (2d Cir. 1972) ("It is a truism, and has been for many decades, that in our federal system crimes are always

prosecuted by the Federal Government, not as has sometimes been done in Anglo-American jurisdictions by private complaints."); **Winslow v. Romer**, 759 F. Supp. 670, 673 (D. Colo. 1991) ("Private citizens generally have no standing to institute federal criminal proceedings.").

Further, the arrest and prosecution of individuals for commission of federal criminal offenses is a discretionary function of the executive branch of government. **See** 28 U.S.C. §§ 533 and 547. The constitutional doctrine of separation of powers precludes this Court from issuing an order directing the exercise of that discretionary executive function. **See Carpet, Linoleum & Resilient Tile Layers, Local Union No. 419 v. Brown**, 656 F.2d 564, 566 (10th Cir. 1981); **Heckler v. Ringer**, 466 U.S. 602, 616, (1984) (federal court may issue a writ of mandamus pursuant to 28 U.S.C. § 1361 "only if the defendant owes the plaintiff a clear nondiscretionary duty"); **see also Jafree v. Barber,** 689 F.2d 640, 643 (7th Cir.1982) (the initiation of a criminal investigation by the FBI is a discretionary act, and the federal courts do not have the power to grant mandamus relief with respect to discretionary acts of FBI officers). Accordingly, Mr. DeMillard's claim that Defendants have violated various federal criminal statutes and his request for a writ compelling the executive branch to arrest and prosecute the Defendants for those violations are legally frivolous. Mr. DeMillard's amended Complaint therefore should not include this claim.

Mr. DeMillard also asserts civil claims against the "Municipality of Denver, Colorado," and the "Municipality of Fort Collins, Colorado," under 42 U.S.C. § 1983 and RFRA. Plaintiff clarifies in the text of his Complaint that Defendant "Municipality of

Denver, Colorado," is "the Colorado Court of Appeals in Denver, Colorado," and "the Colorado Supreme Court in Denver, Colorado." Compl., at 3. He further clarifies that Defendant "Municipality of Fort Collins" is the "Larimer County District Court in Fort Collins, Colorado." *Id.* The Colorado Court of Appeals, the Colorado Supreme Court and the Larimer County District Court are Colorado state courts. *See generally* COLO. REV. STAT. Title 13, arts. 2, 4 and 5. Mr. DeMillard cannot maintain claims against the state courts because they are agencies of the State of Colorado and are protected by Eleventh Amendment immunity. **See Will v. Michigan Dep't of State Police**, 491 U.S. 58, 66 (1989). The State of Colorado and its agencies are immune from suit in federal court unless the state has made an express waiver of its Eleventh Amendment immunity and consented to suit in federal court or Congress has abrogated Eleventh Amendment immunity. **Ellis v. University of Kan. Med. Ctr.**, 163 F.3d 1186, 1195-96 (10th Cir. 1998). The Eleventh Amendment applies to all suits against the state and its agencies, regardless of the relief sought. *See* **Higganbotham v. Okla. Transp. Comm'n**, 328 F.3d 638, 644 (10th Cir. 2003).

Congress did not abrogate Eleventh Amendment immunity in enacting 42 U.S.C. § 1983. **See Quern v. Jordan**, 440 U.S. 332, 340-345 (1979). Therefore, Defendants Municipality of Denver, Colorado (which plaintiff clarifies in the text of his Complaint as the Colorado Court of Appeals and Colorado Supreme Court), and the Municipality of Fort Collins, Colorado (which Plaintiff clarifies in the text of his Complaint as the Larimer County District Court), are entitled to Eleventh Amendment immunity, and the § 1983 claims against those Defendants are subject to dismissal as legally frivolous.

Furthermore, Mr. DeMillard does not state facts to demonstrate why he is suing the Colorado Court of Appeals or the Colorado Supreme Court. Mr. DeMillard is advised, however, that the **Rooker- Feldman**[1] doctrine precludes this Court from reviewing a final decision of the Colorado Court of Appeals or the Colorado Supreme Court. **See Crutchfield v. Countrywide Home Loans**, 389 F.3d 1144, 1147 (10th Cir. 2004), overruled in part on other grounds by **Exxon Mobil Corp. v. Saudi Basic Indus. Corp.**, 544 U.S. 280 (2005). In the alternative, if Mr. DeMillard is challenging a restraining/protective order issued by the Larimer County District Court or another state district court, the **Younger**[2] abstention doctrine prevents this Court from interfering in an ongoing state proceeding. **Weitzel v. Div. of Occupational & Prof'l Licensing of the Dep't of Commerce of Utah**, 240 F.3d 871, 875 (10th Cir. 2001).

Mr. DeMillard's claim under RFRA is also subject to dismissal as legally frivolous. The Supreme Court has held that RFRA is unconstitutional as applied to the states. **See City of Boerne v. Flores**, 521 U.S. 507, 519 (1997). Further, RFRA does not apply to local governments within a state, such as Defendant RWPD. **See** 42 U.S.C. § 2000bb-2(1) and (2).

Finally, Mr. DeMillard claims that Defendant RWPD has violated his constitutional rights to due process and equal protection of the laws by denying him access to his children. However, Mr. DeMillard's filings are confusing as to the RWPD's

---

[1] **See Rooker v. Fid. Trust Co.**, 263 U.S. 413 (1923); **D.C. Court of Appeals v. Feldman**, 460 U.S. 462 (1983).

[2] **See Younger v. Harris**, 401 U.S. 37 (1971).

actions since 1999. It appears that the District Court of Larimer County, Colorado, has issued a restraining/protection order against the Plaintiff. **See** Doc. Nos. 6 and 8. It is unclear whether the Plaintiff's children are residing in Colorado. At least one of Plaintiff's sons may still reside in Rawlins, Wyoming. **See** Doc. No. 9. Further, Plaintiff does not state whether the RWPD is enforcing a restraining order against him in Wyoming at this time. In the amended Complaint that Plaintiff will be directed to file, Plaintiff should describe how the RWPD has prevented him from accessing his son(s).

Plaintiff's claim against Defendant RWPD is construed as a claim against the City of Rawlins, Wyoming. **See Stump v. Gates**, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993). To hold a municipality, such as Rawlins, Wyoming, liable under 42 U.S.C. § 1983, Mr. DeMillard must allege specific facts to show that an unconstitutional policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. **City of Canton, Ohio v. Harris**, 489 U.S. 378, 385 (1989); **Myers v. Oklahoma County Bd. of County Comm'rs**, 151 F.3d 1313, 1316-20 (10th Cir. 1998). Mr. DeMillard cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. **See Monell v. New York City Dep't of Social Servs.**, 436 U.S. 658, 694 (1978).

Finally, the amended complaint Mr. DeMillard will be directed to file must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. **See Monument**

***Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas***, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. See ***TV Communications Network, Inc. v. ESPN, Inc.***, 767 F. Supp. 1062, 1069 (D. Colo. 1991), ***aff'd***, 964 F.2d 1022 (10th Cir. 1992).

Mr. DeMillard is instructed that "to state a claim in federal court, a complaint must explain what each defendant did to him [ ]; when the defendant did it; how the defendant's action harmed him [ ]; and, what specific legal right [Mr. DeMillard] believes the defendant violated." ***Nasious v. Two Unknown B.I.C.E. Agents***, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Mr. DeMillard file **within thirty days from the date of this Order** an Amended Complaint that complies with this Order. The Amended Complaint should not include any claims that the Court has identified as legally frivolous. Plaintiff should explain why Defendant RWPD is liable under 42 U.S.C. § 1983 for a constitutional violation. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. DeMillard, together with a copy of this Order, two copies of the Prisoner Complaint form for use in submitting the Amended Complaint. It is

FURTHER ORDERED that if Mr. DeMillard fails to comply with this Order within the time allowed the Complaint and the action will be dismissed without further notice.

DATED January 13, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02536-BNB

Eric L. DeMillard
1205 Sandretto Drive Apt. #A108
Prescott, AZ 86305

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** the above-named individuals on January 13, 2011.

                                   GREGORY C. LANGHAM, CLERK

                                   By: _____
                                           Deputy Clerk