FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

[ ] 1 1 20 [ ]

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-002536-BNB

ERIC LEVANTER DeMILLARD,

      Plaintiff,

v.

MUNICIPALITY OF DENVER, COLORADO,
MUNICIPALITY OF FORT COLLINS, COLORADO, and
RAWLINS, WYOMING POLICE DEPARTMENT,

      Defendants.

---

## ORDER OF DISMISSAL

---

Plaintiff, Eric Levanter DeMillard, initiated this action by filing *pro se* an

"Emergency Petition for District Court to Immediately Issue a Writ of Mandamus." He

subsequently filed a Complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983,

asserting that the Defendants have violated numerous federal criminal laws, the

Religious Freedom and Restoration Act (RFRA), 42 U.S.C. §§ 2000bb, *et seq.*, and his

Fourteenth Amendment due process and equal protection rights. On January 13, 2011,

Magistrate Judge Boyd N. Boland determined that the Complaint was deficient and

directed Mr. DeMillard to file an Amended Complaint within thirty days. Mr. DeMillard

filed an Amended Complaint on February 14, 2011.

The Court must construe the Amended Complaint liberally because Mr.

DeMillard is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519,

520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Amended

Complaint reasonably can be read "to state a valid claim on which the plaintiff could

prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Mr. DeMillard has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Pursuant to § 1915(e)(2)(B), the Court is required to dismiss the complaint, or any portion of the complaint, that is frivolous or that seeks monetary relief from a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss Mr. DeMillard's claims against all of the Defendants as legally frivolous pursuant to § 1915(e)(2)(B).

The Amended Complaint is largely unintelligible, although it makes some sense when read together with the original Complaint. Accordingly, although an amended pleading normally supersedes the original, *see Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir.1991), the Court will liberally construe the two together. Mr. DeMillard alleges in his original Complaint that an Arizona state court awarded him legal custody of his three biological sons in 1994. Compl. at 1. He further alleges that the children's mother kidnapped his sons during the period 1996-1999 and moved them to Rawlins, Wyoming. *Id.* When Plaintiff went to Wyoming in March 1999 to return his sons to his primary residence in Berthoud, Colorado, certain individual members of the Defendant Rawlins Police Department (RWPD), who are not named as Defendants in

2

this action, denied him access to his children and "used many deadly weapons to try to murder him." Amended Compl. at 6. Mr. DeMillard was taken into custody by the police and subsequently placed in jail for a period of approximately seventeen months. *Id.* at 6. Plaintiff further alleges that certain individuals, who are not named as Defendants, "criminally and illegally kept his three sons from [him]" on various specified dates in 1998, 1999, 2004, 2005, and 2007. For relief, he seeks a court order requiring Defendant RWPD to return his biological son(s) to his custody, the criminal prosecution of the Defendants, and monetary relief.

Mr. DeMillard claims that the Defendants should be prosecuted criminally for violations of 18 U.S.C. §§ 1961-1968 of the Racketeer Influenced and Corrupt Organizations Act (RICO). He alleges that the Larimer County District Court, the Colorado Court of Appeals, and the Colorado Supreme Court each constitute a criminal enterprise which has violated federal criminal laws pertaining to kidnapping, torture, human trafficking, and slavery. Compl. at 3. In his Emergency Petition, Plaintiff asks the Court to issue a writ of mandamus compelling the Federal Bureau of Investigation to arrest members of the RWPD for kidnapping his children, in violation of 18 U.S.C. §§ 241, 242, 245, and 247.

"A private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973). *See also Keyter v. 535 Members of 110th Congress*, 277 F. App'x. 825, 827 (10th Cir. 2008); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam); *Connecticut Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86-87 (2d Cir. 1972) ("It is a

truism, and has been for many decades, that in our federal system crimes are always prosecuted by the Federal Government, not as has sometimes been done in Anglo-American jurisdictions by private complaints."); *Winslow v. Romer*, 759 F. Supp. 670, 673 (D. Colo. 1991) ("Private citizens generally have no standing to institute federal criminal proceedings.").

Further, the arrest and prosecution of individuals for commission of federal criminal offenses is a discretionary function of the executive branch of government. *See* 28 U.S.C. §§ 533 and 547. The constitutional doctrine of separation of powers precludes this Court from issuing an order directing the exercise of that discretionary executive function. *See Carpet, Linoleum & Resilient Tile Layers, Local Union No. 419 v. Brown*, 656 F.2d 564, 566 (10th Cir. 1981); *Heckler v. Ringer*, 466 U.S. 602, 616, (1984) (federal court may issue a writ of mandamus pursuant to 28 U.S.C. § 1361 "only if the defendant owes the plaintiff a clear nondiscretionary duty"); *see also Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir.1982) (the initiation of a criminal investigation by the FBI is a discretionary act, and the federal courts do not have the power to grant mandamus relief with respect to discretionary acts of FBI officers). Accordingly, Mr. DeMillard's claim that Defendants have violated various federal criminal statutes and his request that the Court issue an order compelling the executive branch to arrest and prosecute the Defendants for those violations are legally frivolous.

Mr. DeMillard's civil claims against the Defendants under 42 U.S.C. § 1983 and RFRA are also legally frivolous. Plaintiff clarifies in the text of his original Complaint that Defendant "Municipality of Denver, Colorado" is "the Colorado Court of Appeals in

4

Denver, Colorado" and "the Colorado Supreme Court in Denver, Colorado." Compl., at

3. He further clarifies that Defendant "Municipality of Fort Collins" is the "Larimer

County District Court in Fort Collins, Colorado." *Id.* The Colorado Court of Appeals, the

Colorado Supreme Court, and the Larimer County District Court are Colorado state

courts. *See generally* COLO. REV. STAT. Title 13, arts. 2, 4 and 5. Mr. DeMillard's

civil claims against the state court Defendants must be dismissed because these

Defendants, as agencies of the State of Colorado, are protected by Eleventh

Amendment immunity. ***See Will v. Michigan Dep't of State Police***, 491 U.S. 58, 66

(1989). The State of Colorado and its agencies are immune from suit in federal court

unless the state has made an express waiver of its Eleventh Amendment immunity and

consented to suit in federal court or Congress has abrogated Eleventh Amendment

immunity. ***Ellis v. University of Kan. Med. Ctr.***, 163 F.3d 1186, 1195-96 (10th Cir.

1998). The Eleventh Amendment applies to all suits against the state and its agencies,

regardless of the relief sought. ***See Higganbotham v. Okla. Transp. Comm'n***, 328

F.3d 638, 644 (10th Cir. 2003).

Congress did not abrogate Eleventh Amendment immunity in enacting 42 U.S.C.

§ 1983. ***See Quern v. Jordan***, 440 U.S. 332, 340-345 (1979). Therefore, Defendants

Municipality of Denver, Colorado (which plaintiff clarifies in the text of his Complaint as

the Colorado Court of Appeals and Colorado Supreme Court), and the Municipality of

Fort Collins, Colorado (which Plaintiff clarifies in the text of his Complaint as the Larimer

County District Court) are entitled to Eleventh Amendment immunity, and the § 1983

claims against those Defendants will be dismissed as legally frivolous.

Furthermore, Mr. DeMillard does not state facts to demonstrate why he is suing the Colorado Court of Appeals or the Colorado Supreme Court. Mr. DeMillard is advised, however, that the ***Rooker-Feldman***[1] doctrine precludes this Court from reviewing a final decision of the Colorado Court of Appeals or the Colorado Supreme Court. ***See Crutchfield v. Countrywide Home Loans***, 389 F.3d 1144, 1147 (10th Cir. 2004), overruled in part on other grounds by ***Exxon Mobil Corp. v. Saudi Basic Indus. Corp.***, 544 U.S. 280 (2005). In the alternative, if Mr. DeMillard is challenging a restraining/protective order issued by the Larimer County District Court, the ***Younger***[2] abstention doctrine prevents this Court from interfering in an ongoing state proceeding. ***Weitzel v. Div. of Occupational & Prof'l Licensing of the Dep't of Commerce of Utah***, 240 F.3d 871, 875 (10th Cir. 2001).

Mr. DeMillard's claim under RFRA is also legally frivolous. The Supreme Court has held that RFRA is unconstitutional as applied to the states. ***See City of Boerne v. Flores***, 521 U.S. 507, 519 (1997). RFRA does not apply to local governments within a state, such as Defendant RWPD. ***See*** 42 U.S.C. § 2000bb-2(1) and (2).

Finally, Mr. DeMillard asserts claims against Defendant RWPD under 42 U.S.C. § 1983 for violating his constitutional rights to due process and equal protection of the laws by denying him access to his children. However, Mr. DeMillard's factual allegations are confusing as to the RWPD's actions since 1999. It appears that the

---

[1] ***See Rooker v. Fid. Trust Co.***, 263 U.S. 413 (1923); ***D.C. Court of Appeals v. Feldman***, 460 U.S. 462 (1983).

[2] ***See Younger v. Harris***, 401 U.S. 37 (1971).

District Court of Larimer County, Colorado, has issued a restraining/protection order against the Plaintiff. *See* Doc. Nos. 6 and 8. It is unclear whether the Plaintiff's children are residing in Colorado. At least one of Plaintiff's sons may still reside in Rawlins, Wyoming. *See* Doc. No. 9. Further, Plaintiff does not state whether the RWPD is enforcing a restraining order against him in Wyoming at this time. In the January 13 Order, Magistrate Judge Boland directed Mr. DeMillard to describe how the RWPD has prevented him from accessing his son(s), but Plaintiff failed to provide any further details in the Amended Complaint.

Mr. DeMillard was advised in the January 13 Order that his claim against Defendant RWPD is construed as a claim against the City of Rawlins, Wyoming. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993). Mr. DeMillard was warned that to hold a municipality, such as Rawlins, Wyoming, liable under 42 U.S.C. § 1983, he must allege specific facts to show that an unconstitutional policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Myers v. Oklahoma County Bd. of County Comm'rs,* 151 F.3d 1313, 1316-20 (10th Cir. 1998). Mr. DeMillard was instructed that he cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. *See Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978). In the Amended Complaint, Mr. DeMillard identified certain individual police officers who he alleges violated his constitutional rights. However, he does not name those individuals as Defendants. Furthermore, he does not allege facts to show that a policy or custom of

7

the RWPD caused a deprivation of his constitutional rights.  Mr. DeMillard has therefore

failed to state an arguable claim for relief against Defendant RWPD.  Accordingly, it is

ORDERED that the Amended Complaint and this action are dismissed with

prejudice as legally frivolous under 28 U.S.C. § 1915(e)(2)(B).  It is

FURTHER ORDERED that all pending motions are DENIED AS MOOT.

DATED at Denver, Colorado, this 11th day of March, 2011.

BY THE COURT:

ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02536-BNB

Eric Levanter DeMillard
1205 Sandretto Drive Apt. #A108
Prescott, AZ 86305

I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** the above-named individuals on March 11, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
Deputy Clerk